**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHAN DRAJAT, | No. 11-71418 |
| Petitioner, | Agency No. A096-361-909 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:    HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Johan Drajat, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Drajat's testimony and between his testimony and declaration regarding his report to the police of the attempted poisoning, including whether any report was made at all. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007) (discrepancies between testimony and declaration supported the adverse credibility determination); *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (inconsistencies regarding details of incident that went to the heart of the claim deprived the claim of "the ring of truth."). In the absence of credible testimony, Drajat's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Drajat's CAT claim is based on the same testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to Indonesia, his CAT claim also fails. *See id.* at 1156-57.

11-71418

Finally, the BIA did not err in concluding that the IJ's use of a transcript of the earlier hearings did not violate Drajat's due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED.**